OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*905 Defendant was charged with and convicted of second degree robbery. At trial, he offered an alibi defense through the testimony of his brother, who testified that at the time of the robbery he and defendant were playing basketball. In rebuttal, the prosecutor was permitted to call defendant’s parole officer (not identified as such to the jury), who testified that four days after defendant’s arrest for the crime here at issue, defendant’s brother told the parole officer that defendant "might have committed the robbery”. On surrebuttal, defendant’s brother denied having made this statement to the parole officer.
Defendant argues that the rebuttal testimony from the parole officer was collateral evidence admitted in violation of the rule prohibiting impeachment of a witness with extrinsic evidence on a collateral issue. The People counter that the statement was not collateral evidence because it was relevant to an issue other than credibility (People v Wise, 46 NY2d 321, 328; see also, People v Schwartzman, 24 NY2d 241, 245; Richardson, Evidence § 491 [Prince 10th ed]).
Here, the statement of defendant’s brother to defendant’s parole officer indicated that defendant was not with his brother at the time of the crime and is thus flatly contradictory to the brother’s alibi testimony at trial. The substance of this contradiction goes to a material, core issue in the case— defendant’s whereabouts at the time of the crime. "Inasmuch as the content of the statement was relevant to issues otherwise before the jury [unquestionably material in the instant case], its introduction did not expose the jury to the risk of diversionary excursions into collateral matters” (People v Wise, 46 NY2d 321, 328, supra; see also, People v Schwartzman, 24 NY2d 241, 245, supra; People v Castro, 101 AD2d 392, affd 65 NY2d 683; People v Beavers, 127 AD2d 138). The collateral evidence exclusionary rule was thus not violated and the lower courts did not err in approving the admission into evidence of the rebuttal testimony.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed in a memorandum.