OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Having been charged with participating in a gunpoint robbery, defendant claimed that he had been mistakenly identified and presented an alibi defense at trial. During the prosecutor’s cross-examination, two of defendant’s alibi witnesses stated that they had told the police their stories when the police came to their home to arrest him. The People were then permitted, over a defense objection, to call the arresting officer and elicit from him that neither of the witnesses had, in fact, come forward at the time of the arrest. Defendant was subsequently convicted, and the Appellate Division affirmed, holding that the trial court had not erred in permitting the use of extrinsic evidence to rebut the alibi witnesses’ claims that they had promptly reported defendant’s alibi to the police.
On this appeal, defendant argues that the admission of the *847 police officer’s rebuttal testimony violated the rule prohibiting the use of extrinsic evidence to impeach a witness on a matter that is merely collateral (see, e.g., People v Pavao, 59 NY2d 282; People v Schwartzman, 24 NY2d 241, cert denied 396 US 846). However, the rule, whose purpose is to avoid undue confusion and unfair surprise on matters of minimal probative worth (People v Pavao, supra, at 289), has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide (People v Wise, 46 NY2d 321, 328).
In People v Dawson (50 NY2d 311), this Court recognized that, in a proper case, an alibi witness’s failure promptly to come forward with his or her story may have probative worth in that such silence bears directly on the truthfulness of the alibi. Thus, in trials involving an alibi defense, an alibi witness’s prompt report, or failure promptly to report, is clearly relevant to a material issue that the jury is obligated to resolve, provided, of course, that the threshold requirements set forth in Dawson have been satisfied.*
Indeed, the use of extrinsic evidence in this context is analogous to the use of such evidence in People v Cade (73 NY2d 904), in which the People were permitted to introduce rebuttal evidence that the alibi witness had earlier told law enforcement authorities that the defendant could have committed the charged crime. The rebuttal evidence in Cade squarely contradicted the alibi witness’s direct testimony, while the rebuttal evidence here merely undermined the believability of the alibi witnesses’ story. In both instances, however, the extrinsic evidence was used to challenge the validity of the alibi, a material issue in the case, and was therefore not limited to collateral significance.
*848 Accordingly, the trial court in this case did not err in permitting the People to rebut the alibi witnesses’ testimony about their postarrest statements to police by calling the police officer to testify that such statements were never made. Contrary to defendant’s contention, it makes no difference that the testimony to be impeached was elicited by the prosecutor rather than the defense, since, regardless of who elicited the evidence, the subject of that testimony was directly pertinent to the truthfulness of defendant’s alibi and, consequently, was relevant to a "material” issue.

 The concurrence is based on a fundamental misconstruction of the Court’s holding in Dawson. The concurrer assumes that evidence as to whether the alibi witnesses promptly told their story to the police is admissible solely on the issue of credibility (concurring opn, at 848). In fact, the Dawson Court stated that "it would be improper for a District Attorney to suggest through [this line of] questioning that a witness * * * is generally unworthy of belief solely because he or she failed to come forward prior to the trial” (50 NY2d, at 318, supra [emphasis supplied]). On the other hand, evidence of a witness’s prior failure to come forward is permissible under Dawson to the extent that it could "aid the trier of fact in its effort to determine whether the [witness’s] testimony * * * is an accurate reflection of the truth” (id., at 321). In other words, Dawson held that evidence of the witness’s prior silence is not admissible if offered solely on the issue of the witness’s general credibility but may be admitted to the extent that it bears on the truth of the alibi — an issue that is unquestionably material.