Hancock, Jr., J.
(concurring). I cannot agree that the
People were properly permitted to adduce extrinsic evidence contradicting the witnesses’ statements on cross-examination that they had told the police about defendant’s alibi. It is basic that a cross-examiner is bound by a witness’s answers to questions on collateral matters asked solely for the purpose affecting credibility. Extrinsic proof to rebut the witness’s answers is not admissible (see, e.g., Richardson, Evidence § 491 [Prince 10th ed]). The general rule is that facts are not collateral if they are relevant to a material issue or if they are independently admissible to impeach the witness (see, People v Schwartzman, 24 NY2d 241, 245; 3A Wigmore, Evidence §§ 1003, 1004 [Chadbourn rev 1970]). Facts bearing on some testimonial quality or capacity of the witness — e.g., a witness’s bias, interest or hostility or that the witness was ill or intoxicated — are independently admissible on an issue other than credibility (see, Badr v Hogan, 75 NY2d 629, 634-635; 3A Wigmore, op. cit., § 1005; Richardson, op. cit., § 503). Thus, such facts may be established despite the witness’s denial on cross-examination (see, e.g., People v Webster, 139 NY 73, 85; see also, Hoag v Wright, 174 NY 36, 45-46 [facts disputing competency of a handwriting expert held independently admissible and not collateral]).
Here — unlike questions concerning bias, interest or competency which relate to some specific testimonial quality— whether the witnesses gave the police information concerning the defendant’s alibi had no independent probative value and was relevant solely on the issue of whether the witnesses were telling the truth. Thus, the fact inquired about was collateral and not independently admissible. That the subject matter of the witness’s direct testimony concerned a central factual issue — whether defendant was present at the scene of the crime — is beside the point. It is the relevance of the fact *849 inquired about on cross-examination — not the importance or materiality of the fact to which the witness has testified — that governs.
People v Dawson (50 NY2d 311), cited by the court (majority opn, at 847, and n), pertains to what may be asked on cross-examination to affect the witness’s credibility, not to the admission of extrinsic evidence under Schwartzman. In Dawson we held only that the trial court may, in its discretion, permit the prosecutor to cross-examine a defense alibi witness "concerning his failure to come forward at an earlier date” because "the information elicited during this type of questioning might well aid the trier of fact in its effort to determine whether the testimony of a defense witness is an accurate reflection of the truth or is, instead, a 'recent fabrication’ ” (id., at 321 [emphasis added]). Cross-examination, if allowed under Dawson, is solely for the purpose of undermining the validity of the fact asserted by attacking the truthfulness of the witness asserting that fact. Nothing in Dawson suggests that the subject matter of the cross-examination (i.e., whether the alibi witness came forward and, if so, when) would be independently admissible and, hence, not purely collateral. Making the test of whether a fact is collateral for purposes of the Schwartzman rule depend on the materiality or centrality of the witness’s testimony is a concept which, to my knowledge, is not supported in case law and one which beclouds an established rule of evidence.
People v Cade (73 NY2d 904) does not support the Court’s reasoning. In Cade, the rebuttal testimony was independently admissible as relevant to the central issue — whether defendant could have been present at the crime scene. We reasoned that because the contradiction in the alibi witness’s statements "goes to a material, core issue in the case” (id., at 905) and not just to credibility, the evidence was not collateral. Here, the extrinsic evidence does not contradict the material fact in issue but only one collateral to it — i.e., the witnesses’ prompt reporting of evidence bearing on the disputed material fact.
In sum, the extrinsic evidence was improperly received under well-established case law. The Court, in sanctioning its admission, substantially weakens — in my view, without good reason — what has been a clear-cut and easily applied rule under Schwartzman against the admission of extrinsic proof to contradict collateral facts. I would, nevertheless, affirm *850 inasmuch as the error was harmless (see, People v Crimmins, 36 NY2d 230, 241-242).
Chief Judge Wachtler and Judges Simons, Kaye, Titone and Bellacosa concur; Judge Hancock, Jr., concurs in result in an opinion.
Order affirmed in a memorandum.