■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CHANEY, Appellant. [755 NYS2d 27] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered May 24, 2000, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The prosecutor's cross-examination of defendant concerning his criminal record did not circumvent the court's *Sandoval* ruling or deprive defendant of a fair trial, and the court properly exercised its discretion in denying defendant's mistrial motion made on these grounds. The prosecutor never actually elicited anything that was precluded by the ruling, and to the extent that the phrasing of some of the prosecutor's questions may have been improper, the court prevented any prejudice by sustaining defendant's objections and delivering curative instructions that the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102).

Defendant's remaining claims of prosecutorial misconduct in cross-examination and summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. The prosecutor engaged in a lengthy cross-examination of defendant, which at times was combative. However, contrary to defendant's appellate contentions, the prosecutor remained within permissible limits in inquiring as to the contradictions between defendant's testimony and that of the prosecution witnesses (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). Although the prosecutor, at times, asked repetitive questions and engaged in argument with defendant, the cumulative effect of the alleged instances of prosecutorial misconduct, including isolated remarks made during summation, did not deprive defendant of his right to a fair trial, particularly in light of the court's various curative actions (*see People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly permitted the People to introduce rebuttal evidence that contradicted defendant's testimony by calling into question defendant's asserted reason for being within the business office where the burglary occurred. The challenged testimony was not collateral since it related to a material issue in the case rather than merely impeaching defendant's credibility (*see People v Cade*, 73 NY2d 904). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.