■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS MACK, Appellant. [848 NYS2d 476]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered September 28, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Contrary to defendant's contention, County Court did not err in refusing to suppress the cocaine found when police entered the residence of defendant's girlfriend in order to arrest defendant. The record establishes that defendant's girlfriend not only consented but requested that the police enter the residence, arrest defendant, and remove the cocaine (*see People v Adams*, 53 NY2d 1, 8 [1981], *rearg*

*denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]; *People v Scott*, 31 AD3d 1165, 1165-1166 [2006], *lv denied* 7 NY3d 851 [2006]). Contrary to defendant's further contention, the court properly allowed the People to impeach the credibility of two alibi witnesses by questioning them with respect to matters that challenged the truthfulness of their alibi testimony (*see People v Patterson*, 194 AD2d 570, 571 [1993], *lv denied* 82 NY2d 757 [1993]; *see also People v Knight*, 80 NY2d 845, 848 [1992]). Defendant failed to preserve for our review his contention that the prosecutor improperly questioned an alibi witness concerning two unrelated prior orders of protection (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.