People v Lewis (2020 NY Slip Op 04276)





People v Lewis


2020 NY Slip Op 04276


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


702 KA 17-00961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DIAMOND LEWIS, ALSO KNOWN AS "FACE", DEFENDANT-APPELLANT. 






TIMOTHY HENNESSY, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 8, 2016. The judgment convicted defendant upon a nonjury verdict of murder in the second degree (two counts), attempted murder in the second degree (six counts), assault in the first degree (two counts), attempted assault in the first degree, assault in the second degree (three counts) and criminal possession of a weapon in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from four separate shootings, defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]), six counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]), two counts of assault in the first degree
(§ 120.10 [1]), one count of attempted assault in the first degree
(§§ 110.00, 120.10 [1]), three counts of assault in the second degree (§ 120.05 [2]), and four counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.
Defendant contends that County Court erred in permitting the People to introduce extrinsic evidence to impeach the credibility of his alibi witness on a collateral issue. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Jeffries, 278 AD2d 431, 432 [2d Dept 2000], lv denied 96 NY2d 759 [2001]) and, in any event, it lacks merit inasmuch as "the extrinsic evidence was used to challenge the validity of the alibi, a material issue in the case, and was therefore not limited to collateral significance" (People v Knight, 80 NY2d 845, 847 [1992]; see People v Patterson, 194 AD2d 570, 571-572 [2d Dept 1993], lv denied 82 NY2d 757 [1993]).
Defendant failed to preserve for our review his further contention that his conviction is not supported by legally sufficient evidence inasmuch as he moved for a trial order of dismissal on grounds different from those raised on appeal (see People v Scott, 61 AD3d 1348, 1349 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the verdict is against the weight of the evidence. Even assuming, arguendo, that a different verdict would not have been unreasonable with respect to each shooting, we conclude that, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's contention, the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction and uniform sentence and commitment form must be amended to correct numerous clerical errors (see People v Peyatt, 140 AD3d 1680, 1680 [4th [*2]Dept 2016], lv denied 28 NY3d 935 [2016]). In particular, the certificate of conviction erroneously omits the conviction of assault in the second degree under count 11 of the indictment, lists the conviction under count 14 as attempted assault in the first degree rather than assault in the second degree, and lists count 15 as "15-1." The certificate of conviction also erroneously records a sentence under count 16 rather than under count 15, and omits the sentence under count 18. Both the certificate of conviction and the uniform sentence and commitment form must also be amended to state that the sentences on counts 1, 3, 4, 6, 8, 10, 14, and 18 shall run consecutively to each other, and that the sentences on the remaining counts shall run concurrently to each other and to all other counts.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court