People v Vazquez (2025 NY Slip Op 50345(U))

[*1]

People v Vazquez (Ana)

2025 NY Slip Op 50345(U)

Decided on March 20, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, Perez, JJ.

570817/17

 The People of the State of New York, 
 Respondent,  
against
Ana Maria Vazquez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), rendered October 11, 2017, after a nonjury trial, convicting her of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J.), rendered October 11, 2017, affirmed. 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence, including the credited testimony of the victim and her husband, photographs of her injuries and medical records, disproved defendant's justification defense beyond a reasonable doubt. The court reasonably determined that defendant's attack - in which she slapped the victim repeatedly in the face, then joined her son in striking the victim with chairs, even after the victim fell to the sidewalk - was not preceded by any conduct by the victim that would support a reasonable belief that the use of physical force against defendant was imminent (see People v Goetz, 68 NY2d 96, 114-115 [1986]). Contrary to defendant's contention, the victim's account of the altercation was neither unreliable nor implausible (see People v Petty, 7 NY3d 277 [2006]).
The court providently exercised its discretion when it precluded defendant from introducing extrinsic documentary evidence to contradict the victim and her husband's testimony concerning collateral matters solely for the purpose of impeaching their credibility (see People v Knight, 80 NY2d 845, 846-847 [1992]; People v Pavao, 59 NY2d 282, 288-289 [1983]). In any event, any error in this regard was harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230. 241-242 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2025