■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW GOFORTH, Appellant. (Appeal No. 2.) [595 NYS2d 702] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092). Same Memorandum as in *People v Goforth* ([appeal No. 1] 191 AD2d 968 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Bail Jumping, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTY MASSIMI, Appellant. [595 NYS2d 341] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for appellate review the court's failure to hold a hearing to suppress defendant's statements to the police. Moreover, any error in failing to hold a hearing was harmless. The proof of defendant's guilt, absent the statements, was overwhelming and, even if the statements had been suppressed, there was no possibility that the verdict would have been different *(see, People v Crimmins,* 36 NY2d 230). The court properly denied defendant's request for a hearing to suppress physical evidence because the request, made at the beginning of trial, was untimely and was not made in writing or supported by sworn allegations of fact *(see,* CPL 255.20, 710.40, 710.60). Moreover, any error in failing to grant a hearing was harmless. We reject defendant's contention that he was deprived of effective assistance of counsel *(see, People v Rivera,* 71 NY2d 705). There is no merit to defendant's contention that prosecutorial misconduct on summation deprived him of a fair trial. At defendant's request, the court gave a forceful curative instruction and we cannot assume that the jury did not follow the instruction. Finally, the error in admitting bolstering testimony was harmless. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.