■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO NEDAL, Appellant. [603 NYS2d 454] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered October 18, 1991, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 2½ to 5 years, respectively, unanimously affirmed.

Contrary to defendant's argument, the testimony of the arresting officer in this case was not incredible as a matter of law. The relatively minor discrepancies therein were fully explained, and the jury's credibility determinations, not unreasonable, will not be disturbed by this Court (People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734).

The trial court acted within its discretion in determining that the official court interpreter was competent and that all instances of possible misunderstanding were sufficiently rectified so that the witness' testimony was properly presented to the jury (see, People v Frazier, 159 AD2d 278, lv denied 76 NY2d 857). Additionally, any undue prejudice to defendant that may have emanated from the clarifying questions and answers was obviated by the trial court's curative instruction, which it is presumed the jury understood and followed (People v Davis, 58 NY2d 1102, 1104). Similarly, any error in the prosecutor's summation comments was rendered harmless by the trial court's prompt curative instructions (which were repeated in the main charge) and by the overwhelming evidence of defendant's guilt of the crimes charged (People v Rodriguez, 103 AD2d 121, 129). Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.