■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE COCHRAN, Appellant. [814 NYS2d 160]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered December 3, 2003, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of seven years and 2 to 4 years, respectively, unanimously affirmed.

The People's rebuttal testimony tended to disprove the

defense case and was not collateral. This evidence did not bear solely on the general credibility of defendant's alibi witness. Instead, it impacted upon the credibility of the alibi itself, since it directly supported the People's claim that the alibi was a contrivance which followed an unsuccessful attempt to contrive a completely different alibi (*see People v Patterson*, 194 AD2d 570 [1993], *lv denied* 82 NY2d 757 [1993]; *People v Beavers*, 127 AD2d 138, 142 [1987], *lv denied* 70 NY2d 642 [1987]).

The People provided sufficient notice that there had been a lineup identification procedure (*see* CPL 710.30 [1] [b]). It was not necessary to provide separate notice that, after identifying defendant at the lineup, the victim also asked for the participants to speak and then reiterated her identification, especially since defendant possessed adequate information regarding a possible voice identification (*see People v McRae*, 195 AD2d 180, 184-185 [1994], *lv denied* 83 NY2d 969 [1994]). Defendant, who mentioned the vocal aspect of the lineup in his own testimony at the suppression hearing, had a suitable opportunity to explore that issue but did not avail himself thereof.

During summation, the prosecutor did not shift the burden of proof or deprive defendant of a fair trial when he asked rhetorically why defendant did not call an additional witness, who, according to defendant's evidence, would have been able to provide material testimony bearing on the alibi defense (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v Smith*, 190 AD2d 522 [1993], *lv denied* 81 NY2d 977 [1993]). This witness was presumably favorable to defendant because he was defendant's relative, and defendant had been living in the same apartment as this witness at the time of his arrest. Furthermore, this person was listed as an alibi witness, and he was present in or near the courtroom during the trial. In any event, the court struck most of the prosecutor's comments on defendant's failure to call this witness.

By failing to object, by abandoning issues, and by failing to request any remedy beyond those provided by the court, defendant failed to preserve his remaining summation claims, as well as his arguments concerning the prosecutor's opening statement and the delays in providing discovery material.

Since the People never exhausted their peremptory challenges, CPL 270.20 (2) forecloses review of defendant's claim that the court improperly granted the People's challenge for cause to a prospective juror (*People v Velez*, 223 AD2d 414 [1996], *lv denied* 88 NY2d 855 [1996]), which is unavailing in any event. Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.