(September 18, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO METELLUS, Appellant. [864 NYS2d 408]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 20, 2007, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's conduct clearly established that he entered the premises in question with the intent to steal.

The court properly exercised its discretion when it denied defendant's request to introduce extrinsic evidence of an allegedly prior inconsistent statement made by the complaining witness. The subject matter of the alleged inconsistency was essentially collateral, and it had little or no probative value with regard to any issue other than general credibility (*see People v Aska*, 91 NY2d 979, 981 [1998]; *see also People v Duncan*, 46 NY2d 74, 80-81 [1978], *cert denied* 442 US 910 [1979]). In any event, any error in the court's ruling was harmless. Since defendant never asserted a constitutional right to introduce this evidence, his present constitutional claim is unpreserved (*People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Since defendant assured the court that he had no problem with the use of a single interpreter for both himself and the complaining witness, he failed to preserve his present claim that differences between his language and that of the witness necessitated the use of separate interpreters, and we decline to review it in the interest of justice. As an alternative holding, we find there is no evidence in the record that defendant was prejudiced in any way by the use of a single interpreter (*see People v Cinero*, 243 AD2d 330 [1997], *lv denied* 91 NY2d 870 [1997]). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.