THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS R. ROBLES, Appellant. [899 NYS2d 780]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 13, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, upon a jury verdict, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). Contrary to the contention of defendant, Supreme Court properly admitted the testimony of one of his accomplices pursuant to the coconspirator exception to the hearsay rule. The People established a prima facie case of conspiracy " 'without recourse to the declarations [of that accomplice]' " (*People v Caban*, 5 NY3d 143, 148 [2005], quoting *People v Salko*, 47 NY2d 230, 238 [1979], *rearg denied and remittitur amended* 47 NY2d 1010 [1979]). Indeed, the People established the existence of a conspiracy through "the acts and declarations of defendant" (*Salko*, 47 NY2d at 240). Contrary to the further contention of defendant, the court properly allowed the accomplice to testify with respect to statements made by defendant to him following defendant's arrest "inasmuch as those statements constituted evidence of consciousness of guilt" (*People v McCullen*, 63 AD3d 1708, 1710 [2009], *lv denied* 13 NY3d 747 [2009]).

In addition, the testimony of the girlfriend of another accomplice (second accomplice) concerning a conversation between the second accomplice and defendant did not violate defendant's right of confrontation because the statements of the second accomplice during that conversation were not themselves testimonial in nature (*see People v Adames*, 53 AD3d 503 [2008], *lv denied* 11 NY3d 895 [2008]; *see generally Crawford v Washington*, 541 US 36 [2004]; *People v Goldstein*, 6 NY3d 119, 128-129 [2005], *cert denied* 547 US 1159 [2006]). We further note that the statements of the second accomplice also were admissible as an exception to the hearsay rule because the People established a prima facie case of conspiracy " 'without recourse to the [statements of the second accomplice]' " (*Caban*, 5 NY3d at 148, quoting *Salko*, 47 NY2d at 238).

Defendant failed to preserve for our review his contention that he was denied certain constitutional rights when the court failed to appoint a second interpreter while his own court-appointed interpreter was engaged in interpreting the testimony of two Spanish-speaking witnesses for the jury (*see People v Melendez*, 8 NY3d 886 [2007]). In any event, we reject that contention. "There is no evidence that defendant's ability to communicate with [defense counsel] was compromised" or that defendant was otherwise prejudiced (*People v Cinero*, 243 AD2d 330, 331 [1997], *lv denied* 91 NY2d 870 [1997]; *see People v Metellus*, 54 AD3d 601, 602 [2008], *lv denied* 11 NY3d 899 [2008]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349

[2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the testimony of two of the People's witnesses was not incredible as a matter of law. The testimony "was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268 [2008], *lv denied* 11 NY3d 925 [2009]) but, rather, it merely presented "credibility issues that were resolved by the jury, and we accord great deference to the jury's credibility determinations" (*People v Harris*, 56 AD3d at 1268).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.