THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAN KOWLESSAR, Appellant. [918 NYS2d 41]—

Defendant's arguments concerning the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The prosecutor had a sufficient basis on which to comment on defendant's failure to call his brother to corroborate his own testimony, and this comment did not improperly shift the burden of proof. Defendant's brother was an available and presumably favorable witness who could have provided material, noncumulative testimony (*see People v Cochran*, 29 AD3d 365 [2006], *lv denied* 7 NY3d 787 [2006]). The remaining summation remarks challenged on appeal were permissible comments on the evidence and responses to the defendant's summation (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91

NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant did not preserve his challenge to the proficiency of the official court interpreter at trial who translated the victim's testimony, and we decline to review it in the interest of justice. As an alternative holding, we find the record establishes that the interpreter provided an adequate translation of the testimony. While there were occasional difficulties in translation, they were sufficiently rectified so that the victim's testimony was properly presented to the jury (*see e.g. People v Watkins*, 12 AD3d 165 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Nedal*, 198 AD2d 42 [1993]). Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.