Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered April 6, 2011, convicting defendant, after a jury trial, of rape in the first degree, criminal sexual act in the first degree, and two counts of sexual abuse in the first degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
Defendant’s claim that the victim’s statement to a police officer shortly after the crime did not qualify under the prompt outcry exception to the hearsay rule is unpreserved, as well as being expressly waived, and we decline to review it in the interest of justice. As an alternate holding, we find that the statement was properly admitted (see People v McDaniel, 81 NY2d 10, 17-18 [1993]). Regardless of whether defendant preserved a challenge to the victim’s later statement to another officer, and regardless of whether it was error to permit two witnesses to give essentially the same evidence, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant was not deprived of a fair trial by the prosecutor’s summation. The prosecutor did not shift the burden of proof by commenting on defendant’s failure to call witnesses who were defendant’s friends, and who would have been in a position to corroborate defendant’s testimony (see e.g. People v Kowlessar, 82 AD3d 417 [1st Dept 2011]; People v Cochran, 29 AD3d 365, 366 [1st Dept 2006], lv denied 7 NY3d 787 [2006]).
We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.