# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

300

KA 09-00283

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

PAVEL PRIMAKOV, DEFENDANT-APPELLANT.

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 14, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the first degree, burglary in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the first degree (Penal Law § 265.04 [2]) arising out of an incident in which defendant and his accomplice burglarized a gun shop and stole a number of guns. We note that defendant was indicted for that crime as both a principal and an accomplice (*see* § 20.00). Following the burglary, defendant and his accomplice fled by foot over snow-covered ground. The police apprehended them separately some distance from the crime scene.

Defendant contends that his conviction of criminal possession of a weapon in the first degree is not based on legally sufficient evidence because the People failed to establish that he possessed the requisite 10 or more firearms (*see* Penal Law § 265.04 [2]). We reject that contention. The proof establishes that 16 guns were stolen during the burglary and that 13 of those guns qualified as "firearms" inasmuch as they were pistols or revolvers (*see* § 265.00 [3]). Contrary to defendant's contention, the fact that he did not personally possess 10 or more of the firearms at the time he was apprehended does not render the evidence legally insufficient to support the conviction of criminal possession of a weapon in the first degree. The record establishes that the 13 firearms removed from the gun shop were found in the possession of defendant or his accomplice, were recovered in their immediate vicinity at the time they were

arrested, or were recovered along the route that one or both of them took in fleeing from the gun shop. Thus, there was a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495; *see generally People v Mateo*, 13 AD3d 987, 988, *lv denied* 5 NY3d 883). Contrary to defendant's further contention, viewing the evidence in light of the element of the crime of criminal possession of a weapon in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, we have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court