■ The People of the State of New York, Respondent, v Dean Orlando Pizarro, Appellant. [57 NYS3d 283]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 24, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of criminal possession of a weapon in the second degree and dismissing count three of the indictment, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that he was denied a fair trial and his right of confrontation by the admission in evidence of out-of-court statements made by a codefendant. We reject that contention.

Defendant contends that County Court erred in allowing a witness to testify to statements made by a nontestifying codefendant. Defendant objected to that testimony on hearsay grounds, and later sought a mistrial on the ground that the admission of the statement violated his rights under *Bruton v United States* (391 US 123, 135-136 [1968]), and we address first his *Bruton* contention. Even assuming, arguendo, that defendant's belated motion for a mistrial is sufficient to preserve for our review his current *Bruton* contention (*cf. People v Shabazz*, 289 AD2d 1059, 1060 [2001], *cert denied* 537 US 1165, *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]), we conclude that the introduction of the statements did not implicate the principles of the Confrontation Clause that underlie the rule in *Bruton*.

The statements at issue were made by a nontestifying codefendant to a person who testified at trial. That witness testified that the codefendant said before the incident that "we" were going to shoot the victim, and that after the incident the codefendant said that "we" had shot him. The witness testified that defendant was one of several people who were with the codefendant when the statements were made, but the witness then clarified that the codefendant also stated that both he and another perpetrator shot the victim, and the other perpetrator, who was also present during the conversation, agreed. With respect to defendant, the codefendant's "confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial" (*Richardson v Marsh*, 481 US 200, 208 [1987]; *see Gray v Maryland*, 523 US 185, 195 [1998]). " '*Bruton* and its progeny . . . do not construe the Confrontation Clause to demand further that a confession be redacted so as to permit *no* incriminating inference against the non-declarant defendant' " (*People v Cedeno*, 27 NY3d 110, 118 [2016], *cert denied* 580 US —, 137 S Ct 205

[2016]). To the contrary, it is well settled that *"Richardson* placed outside the scope of *Bruton*'s rule those statements that incriminate inferentially" (*Gray,* 523 US at 195). Thus, inasmuch as the statements are only inculpatory with respect to defendant when combined with other evidence establishing that he was also part of the crime, we conclude that the court did not err in admitting the nontestifying codefendant's statements because they were "not facially incriminating [with respect to defendant], and proper limiting instructions were given to the jury concerning the use of the codefendant's statement[s] as evidence against [this] defendant[ ]" (*People v Marcus,* 137 AD2d 723, 723 [1988], *lv denied* 72 NY2d 862 [1988]; *see People v Gilocompo,* 125 AD3d 1000, 1001 [2015], *lv denied* 25 NY3d 1163; *People v Dickson,* 21 AD3d 646, 647 [2005]).

"In addition, the testimony of the [witness] concerning a conversation between [an] accomplice and defendant did not violate defendant's right of confrontation because the statements of the . . . accomplice during that conversation were not themselves testimonial in nature" (*People v Robles,* 72 AD3d 1520, 1521 [2010], *lv denied* 15 NY3d 777 [2010]). Although the United States Supreme Court "le[ft] for another day any effort to spell out a comprehensive definition of 'testimonial' " (*Crawford v Washington,* 541 US 36, 68 [2004]), the Court wrote that such a statement must be " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact' " (*id.* at 51). A "casual remark to an acquaintance," such as the statements at issue, does not suffice (*id.; cf. People v Goldstein,* 6 NY3d 119, 129 [2005], *cert denied* 547 US 1159 [2006]).

Contrary to defendant's further contention, the court properly overruled his hearsay objections to the admissibility of those statements. The codefendant's statements to the witness were admissible as statements against penal interest (*see generally People v Shabazz,* 22 NY3d 896, 898 [2013]), and as the statements of a coconspirator in the furtherance of the conspiracy (*see Robles,* 72 AD3d at 1521; *see generally People v Caban,* 5 NY3d 143, 148 [2005]).

Although the court erred in denying, without a *Mapp* hearing, defendant's midtrial motion to suppress a travel itinerary seized from him by police officers when they initially spoke with him at the Syracuse airport, any error in that regard is harmless (*see People v Massimi,* 191 AD2d 969, 969 [1993]; *see also People v Lazcano,* 66 AD3d 1474, 1475 [2009], *lv denied* 13 NY3d 940 [2010]; *People v Michael A.D.,* 289 AD2d 1036, 1037 [2001]). The evidence is cumulative of other properly admitted

evidence that defendant was planning on leaving the country and flying to Puerto Rico, and there is no reasonable possibility that the admission of the travel itinerary contributed to defendant's conviction (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation because he failed to object to any of those alleged improprieties (*see People v Young*, 100 AD3d 1427, 1428 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Rumph*, 93 AD3d 1346, 1347 [2012], *lv denied* 19 NY3d 967 [2012]). In any event, that contention is without merit (*see People v Carrasquillo-Fuentes*, 142 AD3d 1335, 1338 [2016], *lv denied* 28 NY3d 1143 [2017]). Defendant failed to challenge the proficiency of the appointed interpreter at trial, and thus he also failed to preserve for our review his contention regarding the interpreter's alleged incompetence (*see People v Gutierrez*, 100 AD3d 656, 656-657 [2012], *lv denied* 21 NY3d 1015 [2013], *denied reconsideration* 21 NY3d 1074 [2013], *cert denied* 571 US —, 134 S Ct 1034 [2014]; *People v Kowlessar*, 82 AD3d 417, 418 [2011]). In any event, that contention is without merit inasmuch as "all instances of possible misunderstanding were sufficiently rectified so that the witness'[s] testimony was properly presented to the jury" (*People v Nedal*, 198 AD2d 42, 42 [1993]; *see Kowlessar*, 82 AD3d at 418).

Defendant further contends that the evidence is legally insufficient to establish his liability as an accessory to the murder charge. We reject that contention. "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Chapman*, 30 AD3d 1000, 1001 [2006], *lv denied* 7 NY3d 811 [2006] [internal quotation marks omitted]; *see* Penal Law § 20.00). Here, based on the evidence in the record, the jury could have reasonably concluded that defendant and the two codefendants shared "a common purpose and a collective objective" (*People v Cabey*, 85 NY2d 417, 422 [1995]), and that defendant "shared in the intention of the codefendant[s]" to shoot the victim (*People v Morris*, 229 AD2d 451, 451 [1996], *lv denied* 88 NY2d 990 [1996]). Viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is contrary to the weight of the evidence with respect to that charge (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the verdict is contrary to the weight of the evidence with respect to the crime of criminal possession of a weapon in the second degree. Although several witnesses testified that defendant possessed a handgun, and other witnesses testified that the two codefendants fired weapons, the witnesses did not testify that they saw defendant fire his weapon. The evidence further establishes that defendant and the two codefendants were at the scene and all three of them had a weapon, but the casings recovered at the scene matched only two weapons. Furthermore, two different types of projectiles were recovered either at the scene or from the body of the victim, and those projectiles matched the casings from the scene. Although one additional type of projectile was recovered from the body of the victim, the Medical Examiner opined that such projectile was likely from an earlier incident. In addition, defendant was not charged as an accomplice to the codefendants' possession of their weapons (*cf. People v Primakov*, 105 AD3d 1397, 1397-1398 [2013], *lv denied* 21 NY3d 1045 [2013]; *People v Zuhlke*, 67 AD3d 1341, 1341 [2009], *lv denied* 14 NY3d 774 [2010]). Consequently, we conclude that the verdict is against the weight of the evidence with respect to the criminal possession of a weapon count because the People failed to establish that defendant possessed an operable weapon (*cf. People v Hailey*, 128 AD3d 1415, 1416 [2015], *lv denied* 26 NY3d 929 [2015]; *see generally People v Shaffer*, 66 NY2d 663, 664 [1985]). We therefore modify the judgment accordingly.

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.