■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, Appellant. [59 NYS3d 389]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 31, 2014, convicting him of burglary in the second degree and grand larceny in the fourth degree (three counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision, upon his conviction of burglary in the second degree, to run concurrently with concurrent indeterminate terms of imprisonment of 1½ to 3 years upon each of his convictions of grand larceny in the fourth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of burglary in the second degree from a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 7 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant's contention that he was deprived of the effec-

tive assistance of counsel is without merit. "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (*People v Ramirez*, 146 AD3d 987, 987 [2017] [internal quotation marks omitted]; *see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings . . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713 [1998] [citations and internal quotation marks omitted]). Here, defense counsel pursued a reasonable strategy that included the defendant's testimony as to his own version of events. The defendant failed to demonstrate the lack of strategic or other legitimate explanations for defense counsel's alleged shortcomings (*see People v Taylor*, 1 NY3d 174, 177-178 [2003]). Under the circumstances, the defendant was afforded meaningful representation.

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Hall, Austin and Barros, JJ., concur. ▮