The People of the State of New York, Respondent,
against
Frank L. Cardillo, Appellant.




Anthony M. Giordano, for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Scarsdale, Westchester County (Joaquin F. Alemany, J.), rendered December 2, 2015. The judgment convicted defendant, after a nonjury trial, of driving while intoxicated (per se), and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On March 29, 2015, the People charged defendant with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). Defendant made no motion to suppress evidence, and, at a nonjury trial, defense counsel stipulated to the admission of the results of a post-arrest blood alcohol test, which had registered defendant's blood-alcohol content as being .14 of one per centum by weight. Following the trial, the Justice Court convicted defendant of driving while intoxicated (per se) and acquitted defendant of driving while intoxicated (common law). 
Defendant's claim that the guilty verdict is against the weight of the evidence in the absence of sufficient proof of operation is without merit. "[T]here is no requirement that the [*2]defendant be observed driving the vehicle; instead, operation . . . can be proven by circumstantial evidence" (People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see People v Zou, 56 Misc 3d 136[A], 2017 NY Slip Op 50996[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), that is, "without the necessity of eyewitness testimony that [a] defendant operated his or her vehicle" (People v Turner, 34 Misc 3d 159[A], 2012 NY Slip Op 50443[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also People v Blake, 5 NY2d 118, 120 [1958]; People v Dunster, 146 AD3d 1029, 1030 [2017]). 
The trial evidence presented by the People's witnesses was to the effect that, sometime after midnight, on March 29, 2015, defendant's neighbor, observing the road in front of his house from the vantage point of his bedroom window, saw an automobile parked, or at least stationary, on the road. The vehicle was then operated erratically, first being "back[ed] up aggressive[ly]," then coming to an "abrupt halt" and remaining motionless for 20-30 seconds, and then moving forward, again "aggressively," before veering off of the roadway and onto the neighbor's lawn, where it came to a stop near a driveway. The witness observed a male exit the vehicle and "slump" to the ground. The neighbor contacted the police, and, a few minutes later, police officers arrived and were directed by the witness to where defendant was lying face down on the ground near the vehicle. Behind the vehicle were fresh tire marks in the grass leading from a light pole and ending at a point behind the vehicle. The officers observed a reddish-colored vomit on defendant and on the interior and exterior of the vehicle. Defendant, who immediately conceded to the officers that he was "inebriated," later admitted that he had consumed a red-colored alcoholic beverage and that he had moved his car from the driveway and onto the street for a brief distance before returning to park it upon realizing that he was intoxicated. A defense witness offered a different account of those events, essentially, that it was he who had operated the vehicle when it had been viewed by the neighbor.
According the appropriate deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the testimonies of the People's witnesses were "plausible, internally consistent, and collectively coherent" (People v Giuliani, 47 Misc 3d 31, 34 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), thereby meriting our deference to the Justice Court's determination as to the weight to accord their proof of the facts. It is noted that a proper foundation was laid for a permissible negative inference to be drawn from the failure of defendant's witness to come forward, until seven months after his "good friend" had been charged with driving while intoxicated, to state that he, not defendant, had been the operator of defendant's vehicle (see e.g. People v Hahn, 57 Misc 3d 147[A], 2017 NY Slip Op 51486[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see generally People v Dawson, 50 NY2d 311, 321 n 4 and 322-323 [1980]). Consequently, we conclude that the verdict of guilt was not against the weight of the evidence.
Further, by failing to move to suppress physical evidence and statements, defendant failed to preserve any claim that the police lacked probable cause to arrest him (see CPL 470.05 [2]; [*3]People v Vasquez, 66 NY2d 968, 970 [1985]; People v Mahoney, 165 AD3d 980 [2018]; People v Collier, 146 AD3d 1146, 1147 [2017]). Not only does defendant improperly rely on trial proof to litigate an unraised and undecided issue, if it was his belief that the trial evidence established a foundation for probable cause review, there remained the remedy of a midtrial motion to convene a suppression hearing (see CPL 255.20 [3]; People v Pizarro, 151 AD3d 1678, 1680 [2017]; People v Samuel, 137 AD3d 1691, 1694 [2016]; cf. People v Killings, 191 AD2d 586, 587 [1993]). 
Defendant next contends that he was denied the effective assistance of counsel, asserting the claim solely under the New York standard. The basis for defendant's argument, raised for the first time on appeal, is that his trial counsel should have moved for a Mapp hearing to suppress physical evidence based on the absence of probable cause for the officer to believe that defendant had operated the motor vehicle. However, defendant does not, on appeal, state what sworn allegations of fact were available to his trial counsel sufficient to constitute grounds, if proven, that would justify suppression (see CPL 710.60 [3] [b]; e.g. People v Bryant, 8 NY3d 530, 533 [2007]; People v Mendoza, 82 NY2d 415, 422 [1993]). The mere denial of wrongdoing is insufficient (see People v Garay, 25 NY3d 62, 72 [2015]), and defendant cites to no facts accessible to trial counsel at the pretrial stage (including the narratives of the testifying police officers which were produced to the defense pursuant to the Rosario production) which, if proved, might have resulted in suppression (see e.g. People v Shareef, 61 Misc 3d 137[A], 2018 NY Slip Op 51578[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see also People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]; People v Meade, 150 AD3d 764 [2017]).
To the extent that an issue is raised as to the sufficiency of trial counsel's analysis of the facts and other strategic considerations, or to the extent that defendant is making an ineffectiveness claim that is based, in part, on matters not appearing in the record, the matter is properly pursued in a motion pursuant to CPL 440.10 (see People v Evans, 16 NY3d 571, 575 n 2 [2011]; People v Rivera, 71 NY2d 705, 709 [1988]; People v Chaney, 160 AD3d 1281, 1285-1286 [2018]; People v Salgado, 111 AD3d 859, 860 [2013]; People v Shareef, 61 Misc 3d 137[A], 2018 NY Slip Op 51578[U], *3-4). To the extent that the existing record permits review (see People v Troche, 81 AD3d 990, 991 [2011]; People v Lopez, 2 AD3d 234 [2003]; People v Syville, 55 Misc 3d 137[A], 2017 NY Slip Op 50507[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), we find that defendant has not established a level of ineffectiveness warranting reversal. Given that there is a strong presumption that counsel was effective (see People v Taylor, 1 NY3d 174, 176 [2003]), that perfect representation is not required (see People v Modica, 64 NY2d 828, 829 [1985]), and that losing tactics do not, standing alone, justify an inference of ineffectiveness (see People v Johnson, 152 AD3d 620 [2017]), the record, viewed in its totality (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]), fails to demonstrate that trial counsel's representation was ineffective (see People v Barboni, 21 NY3d 339, 406 [2013]; People v Nicholson, 26 NY3d 813, 830-831 [2016]).
Accordingly, the judgment of conviction is affirmed. 
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2019