Matter of Thurarajah v Manjula (2020 NY Slip Op 03326)





Matter of Thurarajah v Manjula


2020 NY Slip Op 03326


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


481 CAF 18-00422

[*1]IN THE MATTER OF SIVASUBRAMANIAM THURARAJAH, PETITIONER-APPELLANT,
v
KANDASAMY MANJULA, RESPONDENT-RESPONDENT.
IN THE MATTER OF KANDASAMY MANJULA, PETITIONER-RESPONDENT,
v
SIVASUBRAMANIAM THURARAJAH, RESPONDENT-APPELLANT. 






PAMELA THIBODEAU, BUFFALO, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 
LEAH A. BOUQUARD, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered January 31, 2018 in proceedings pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the subject children to respondent-petitioner Kandasamy Manjula. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father appeals from an order that, inter alia, awarded sole custody of the subject children to respondent-petitioner mother and directed that the father shall have no access to the children. Initially, contrary to the father's contention, the gaps in the hearing transcript caused by inaudible portions of the audio tape recording "are not so significant as to preclude meaningful review of the order" (Matter of Bibbes-Turner v Bibbes, 174 AD3d 1506, 1507 [4th Dept 2019]; see Matter of Savage v Cota, 66 AD3d 1491, 1492 [4th Dept 2009]).
Contrary to the father's further contention, the record provides no basis for concluding that Supreme Court deprived him of due process by directing that the same interpreter be used for both parties (see generally 22 NYCRR 217.1 [a]; People v Robles, 72 AD3d 1520, 1521 [4th Dept 2010], lv denied 15 NY3d 777 [2010]; People v Rivera, 298 AD2d 120, 120 [1st Dept 2002], lv denied 99 NY2d 563 [2002]).
The father also contends that the court erred in denying him any visitation or contact with the children. Contrary to the father's contention, we conclude that there is a sound and substantial basis in the record to support the court's determination. The record establishes that the father committed acts of domestic violence against the mother in the presence of the children, and the court found that the father's testimony denying such behavior was not credible (see generally Matter of Bloom v Mancuso, 175 AD3d 924, 926 [4th Dept 2019], lv denied 34 NY3d 905 [2019]). In addition, the testimony of a licensed trauma therapist established that the children suffered ongoing stress as a result of attending supervised visitation with the father, [*2]which had a harmful effect on their emotional and mental well-being (see Matter of MacEwen v MacEwen, 214 AD2d 572, 572 [2d Dept 1995]). While we agree with the father that the court erred in failing to record the in camera interviews with the children (see CPLR 4019 [a]), we conclude that the error does not require reversal under the circumstances of this case (see Ladizhensky v Ladizhensky, 184 AD2d 756, 758 [2d Dept 1992]).
Finally, we note that, although the court's order states that it "shall be deemed a change in circumstances to allow the filing of a [p]etition for visitation by [the father] upon the completion of a 52 week domestic violence program and . . . a mental health evaluation," the order does not require the father to complete such a program and evaluation as a prerequisite to filing a future petition (see Matter of Cramer v Cramer, 143 AD3d 1264, 1264-1265 [4th Dept 2016], lv denied 28 NY3d 913 [2017]; cf. Matter of Ordona v Cothern, 126 AD3d 1544, 1546 [4th Dept 2015]). Indeed, nothing in the order prevents the father from supporting a future petition with a showing of a different change in circumstances (see Cramer, 143 AD3d at 1265).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court