People v Tucker (2021 NY Slip Op 07356)





People v Tucker


2021 NY Slip Op 07356


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


743 KA 14-02141

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE TUCKER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered November 24, 2014. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) in connection with the shooting death of the victim that occurred during a robbery or attempted robbery. We affirm.
Defendant contends that Supreme Court erred in admitting into evidence text messages recovered from two cell phones obtained from defendant and a codefendant at the time of their arrests because the People failed to establish a proper foundation for that evidence. We reject that contention and conclude that the text messages recovered from both cell phones were properly authenticated and received into evidence by the court. "[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it," and "[t]he foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted" (People v McGee, 49 NY2d 48, 59 [1979], cert denied 446 US 942 [1980]; see generally Jerome Prince, Richardson on Evidence
§ 4-203 [Farrell 11th ed 1995]). Here, the authenticity of the text messages recovered from the two phones in question was established by the text message logs of the wireless service providers for both phones, as well as through the text messages that were directly downloaded from each phone. The data in those logs matched the metadata recovered from the cell phones, and the sent messages recovered from the two phones were identical to one another. That proof, coupled with the fact that the phones were recovered from defendant and the codefendant at the time of their arrests, provided sufficient authentication for the admission of the text messages into evidence (see generally People v Hughes, 114 AD3d 1021, 1023 [3d Dept 2014], lv denied 23 NY3d 1038 [2014]; People v Clevenstine, 68 AD3d 1448, 1450-1451 [3d Dept 2009], lv denied 14 NY3d 799 [2010]).
The cases relied upon by defendant in support of his argument that the text messages were not properly authenticated are inapposite because they involved text message evidence that was not supported by any authenticating evidence from a wireless service provider or directly from the involved device itself (see e.g. People v Flower, 173 AD3d 1449, 1456-1457 [3d Dept 2019], lv denied 34 NY3d 931 [2019]; People v Givans, 45 AD3d 1460, 1461-1462 [4th Dept 2007]; Castaldi v Castle Restoration LLC, 66 Misc 3d 1214[A], 2020 NY Slip Op 50086[U], *2 [Sup Ct, Suffolk County 2020]). Here, the People submitted authenticating evidence from both of those sources. To the extent that defendant contends that the text messages were not properly authenticated because the People did not establish whether he or the codefendant actually authored the text messages—i.e., that someone else actually sent the messages from the [*2]phones—we conclude that the likelihood of that scenario goes to the weight to be accorded the evidence, not its admissibility, and therefore presented a factual issue for the jury to resolve (see People v Serrano, 173 AD3d 1484, 1488 [3d Dept 2019], lv denied 34 NY3d 937 [2019]; Hughes, 114 AD3d at 1023; Clevenstine, 68 AD3d at 1451).
We also conclude that the court properly admitted the text messages sent by the codefendant's cell phone pursuant to the coconspirator exception to the hearsay rule. " 'A declaration by a coconspirator during the course and in furtherance of the conspiracy is admissible against another coconspirator as an exception to the hearsay rule' " (People v Caban, 5 NY3d 143, 148 [2005], quoting People v Bac Tran, 80 NY2d 170, 179 [1992], rearg denied 81 NY2d 784 [1993]). Such a declaration may be admitted only where the People have established a prima facie case of conspiracy " 'without recourse to the declarations [of that coconspirator]' " (id., quoting People v Salko, 47 NY2d 230, 238 [1979], rearg denied and remittitur amended 47 NY2d 1010 [1979]; see People v Robles, 72 AD3d 1520, 1521 [4th Dept 2010], lv denied 15 NY3d 777 [2010]). The prima facie case of conspiracy does not need to be established before the coconspirator's statements are admitted in evidence, so long as "the People independently establish a conspiracy by the close of their case" (Caban, 5 NY3d at 151).
Here, the People established a prima facie case that defendant and the codefendant conspired to commit a robbery at the same time and place that the victim was shot and killed. The properly admitted text messages sent by defendant's phone in the days leading up to the shooting permitted the inference that defendant and the codefendant were planning a robbery (see generally People v Trappler, 173 AD3d 1334, 1336-1337 [3d Dept 2019], lv denied 34 NY3d 985 [2019], reconsideration denied 34 NY3d 1082 [2019], cert denied — US &mdash, 140
S Ct 1281 [2020]). Other evidence establishing a conspiracy to commit a robbery consisted of, inter alia, testimony that multiple individuals were observed at the scene immediately after the shooting, evidence of the ransacking of the victim's vehicle and the home where the shooting occurred, circumstantial evidence placing defendant and the codefendant at the scene of the crime, as well as evidence that defendant's phone was used to call for a taxi shortly after the shooting, that the taxi picked up somebody near the scene of the shooting, and that the passenger had the taxi driver pick up another individual before dropping both of them off close to where defendant lived (see generally People v Portis, 129 AD3d 1300, 1301-1302 [3d Dept 2015], lv denied 26 NY3d 1091 [2015]; Robles, 72 AD3d at 1521). We also conclude that the shooting of the victim during the robbery or attempted robbery constituted an overt act taken in furtherance of the conspiracy (see McGee, 49 NY2d at 57). Defendant contends that the People failed to show that a coconspirator shot and killed the victim, but we reject that contention because it was possible for the jury to infer that everyone who accompanied defendant and the codefendant to the scene of the crime that night was a participant in the conspiracy to commit the robbery (see generally People v Reyes, 31 NY3d 930, 931-932 [2018]).
Defendant further contends that the conviction is not supported by legally sufficient evidence because the People did not establish that the victim's death was caused "in the course of" or "in the furtherance of" a robbery or attempted robbery (Penal Law § 125.25 [3]) inasmuch as they did not show that defendant participated in the predicate crime or that physical force was used on the victim to aid in taking property from him. We conclude that defendant failed to preserve those specific contentions for our review inasmuch as his "motion for a trial order of dismissal was not specifically directed at the issues raised on appeal" (People v Pittman, 109 AD3d 1080, 1082 [4th Dept 2013], lv denied 22 NY3d 1043 [2013]; see People v Gray, 86 NY2d 10, 19 [1995]; People v Robinson, 193 AD3d 1393, 1394 [4th Dept 2021], lv denied 37 NY3d 968 [2021]). Nevertheless, we necessarily " 'review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Jones, 194 AD3d 1358, 1359 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), however, we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court