People v Meredith (2022 NY Slip Op 02095)





People v Meredith


2022 NY Slip Op 02095


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Ind. No. 989/17, 4345/17 Appeal No. 15605 Case No. 2019-3907 

[*1]The People of the State of New York, Respondent,
v
Rasheem Meredith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr, District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered February 20, 2019, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, three counts of criminal sale of a controlled substance in the second degree, four counts of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to an aggregate term of 12 years, unanimously affirmed.
At a Hinton hearing, the People established an overriding interest in protecting the undercover officer's safety that supported a limited closure of the courtroom (see People v Echevarria, 21 NY3d 1, 12-14 [2013], cert denied sub nom. Johnson v New York, 571 US 1111 [2013]; People v Gonzalez, 145 AD3d 586, 587-588 [1st Dept 2016], lv denied 28 NY3d 1184 [2017]; People v Sykes, 135 AD3d 535 [1st Dept 2015], lv denied 27 NY3d 969 [2016]). The officer testified that he regularly worked in the area where he bought drugs from defendant, that he had pending investigations in both Brooklyn and Manhattan, that he had been threatened with violence on multiple occasions, and that he took precautions to protect his identity when coming to the courthouse (see e.g. People v Rodriguez, 163 AD3d 437 [1st Dept 2018], lv denied 32 NY3d 1067 [2018]). Additionally, the officer's testimony established that the area in Brooklyn where he bought drugs from defendant was easily accessible from the Manhattan courthouse where he was testifying in this Special Narcotics case (see People v Dones, 220 AD2d 267 [1st Dept 1995], lv denied 87 NY2d 900 [1995]).
Although the court should have permitted defendant to cross-examine the undercover officer about the underlying facts of a pending lawsuit alleging that the undercover officer, along with other officers, falsely claimed that the plaintiff had sold drugs, any error was harmless (see People v Smith, 27 NY3d 652, 664 [2016]). The case did not turn on this officer's credibility, because there was overwhelming evidence of defendant's guilt, including videotapes of all seven drug sales, exchanges of text messages between defendant and the officer, and defendant's incriminating recorded phone call.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022