People v DeJesus (2022 NY Slip Op 50983(U))

[*1]

People v DeJesus (Omar)

2022 NY Slip Op 50983(U) [76 Misc 3d 137(A)]

Decided on October 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through October 17,
2022; it will not be published in the printed Official Reports.

Decided on October 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570789/16

The People of the State of New
York, Respondent,
against
Omar DeJesus,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Felicia A. Mennin, J.), rendered September 29, 2016, after a jury
trial, convicting him of driving while intoxicated per se and driving while impaired by
alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered September 29, 2016,
affirmed.
The verdict convicting defendant of driving while intoxicated per se (see
Vehicle and Traffic Law § 1192[2]) and driving while impaired by alcohol
(see Vehicle and Traffic Law § 1192[1]) was based on legally sufficient
evidence and was not against the weight of the evidence. There is no basis for disturbing
the jury's determinations concerning credibility, including its rejection of defendant's
expert's testimony (see People v Danielson, 9 NY3d 342, 348—349
[2007]). The evidence presented by the People established that defendant's vehicle was
swerving in its lane and failed to signal when pulling into traffic and changing lanes;
defendant initially stated that he consumed "one beer," but later at the precinct, defendant
stated that he drank "three beers"; and defendant exhibited classic signs of intoxication -
his "eyes were red" and "bloodshot," his face was "flushed," and there was an odor of
alcohol on his breath (see People v Cruz, 48 NY2d 419, 426-427 [1979],
appeal dismissed 446 US 901 [1980]). Furthermore, the Intoxilyzer 5000 breath
test measured defendant's blood alcohol content at .15 percent, which is prima facie
evidence of defendant's violation of Vehicle and Traffic Law § 1192(2) (see
People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d
136, 139 [1986]). The jury was also entitled to credit the police testimony, corroborated
by the breath test video and documentary evidence, showing that the Intoxilyzer 5000
was in proper working condition and that the test itself was properly administered
(see People v Fratangelo, 23 NY3d 506 [2014]).
Regardless of whether defendant should have been permitted to cross-examine the
arresting officer regarding allegations of misconduct in a civil lawsuit (see e.g. People v Burgess, 178
AD3d 609 [2019]), any error was harmless because the officer's testimony was
corroborated by other evidence which was sufficient on its own to establish defendant's
guilt. This evidence included video from the officer's body-worn camera showing, inter
alia, defendant's vehicle swerving and twice failing to signal, defendant exiting the
vehicle from the driver's seat and [*2]interacting with the
officer, and the Intoxilyzer test result, showing that defendant's blood alcohol contact
was nearly twice the legal limit (see People v Smith, 27 NY3d 652, 664-665
[2016]; People v Meredith,
203 AD3d 633 [2022], lv denied 38 NY3d 1072 [2022]). 
The court did not abuse its discretion (see People v Duncan, 46 NY2d 74, 80
[1978], cert denied 442 US 910 [1979]) when it denied defendant's request to
impeach the testifying police officer with extrinsic evidence concerning his failure to
recall the details of his interview with the assistant district attorney when the officer said
that defendant admitted drinking two beers. The subject matter of the alleged
inconsistency was collateral, and it had little or no probative value with regard to any
issue other than the credibility of the officer (see People v Aska, 91 NY2d 979,
981 [1998]; People v
Metellus, 54 AD3d 601 [2008], lv denied 11 NY3d 899 [2008]).
Defendant was not trying to introduce the statement that he had two beers for the truth of
the statement or to prove his innocence. In any event, any error in the court's ruling was
harmless. Since defendant never asserted a constitutional right to introduce this evidence,
his present constitutional claim is unpreserved (see People v Lane, 7 NY3d 888,
889 [2006]), and we decline to review it in the interest of justice. As an alternative
holding, we also reject it on the merits (see Crane v Kentucky, 476 US 683,
689—690 [1986]; People
v Campbell, 107 AD3d 489, 490-491 [2013], lv denied 22 NY3d 1155
[2014]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 12, 2022