■ The People of the State of New York, Respondent, v Joe Porter, Appellant. [641 NYS2d 283] —Judgment of the Supreme Court, New York County (Jay Gold, J.), rendered February 17, 1994, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 5 to 10 years and 1 year, respectively, unanimously reversed, on the law, and the matter remitted to Supreme Court for a new trial.

Defendant was arrested for the sale of narcotics to an undercover police officer. At the voir dire, the court prevented defense counsel from questioning prospective jurors regarding two essential items: (1) whether they would draw an adverse inference if defendant did not testify and, (2) whether they would automatically discredit the sole defense witness because he had a criminal record.

When defense counsel asked if any juror felt he "couldn't be fair to [defendant] without hearing from him", the court told counsel that the question was not proper and counsel, without raising an objection, continued with another question. After being informed by the court that her time was up, counsel noted her "exception to being cut off in the questioning that I was not allowed to continue with." Challenges then took place and seven jurors were selected.

Before another jury panel was brought into court, counsel asked that the jurors be questioned regarding any prejudice they might harbor in the event defendant did not testify. The court indicated that it would instruct the jurors "to draw no inference unfavorable to him on that account". Defense counsel then requested that the jurors be questioned about any prejudice against a defense witness with a criminal record. The court informed her that it considered such inquiry "confusing and unnecessary" and precluded any further argument.

A court is vested with broad discretion to restrict the scope of voir dire by counsel (*People v Pepper*, 59 NY2d 353, 358) and is required to preclude repetitive or irrelevant questioning (CPL 270.15 [1] [c]). "The only condition imposed is that fair opportunity be accorded counsel to question about matters, not previously explored, which are relevant and material to the inquiry at hand" (*People v Boulware*, 29 NY2d 135, 140, *cert denied* 405 US 995). In this connection, questions regarding how jurors would react to certain witnesses and whether they will accord the defendant a fair trial should be permitted during voir dire (*People v Boulware, supra*, at 142). Therefore, whether a juror would draw an adverse inference if defendant did not testify is precisely the type of question that should be permitted as indicative of the juror's fairness under such circumstances. The court's general inquiry whether the jurors could promise to be impartial, fair-minded, decide the case on the evidence or lack of evidence, and apply the law as instructed did not address the specific question defense counsel attempted to pose.

Likewise, defense counsel should have been permitted to inquire if the jurors would be able to fairly assess the testimony

of a witness with a criminal record. Rather than prevent "confusion", the court deprived defense counsel of the standard trial tactic of giving the panel a preview of the weaknesses in her case and gauging the reaction. The court ultimately agreed that the case turned on the perception of the credibility of the arresting officers and the defense witness, and it was an improvident exercise of discretion to curtail defense counsel's inquiry.

In view of the disposition of this matter, we do not reach defendant's remaining contentions. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.