■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM HILL, Appellant. [726 NYS2d 103] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered September 13, 1999, convicting defendant, after a jury trial, of burglary in

the second degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 20 years to life, respectively, unanimously affirmed.

Under the unusual circumstances presented, the court properly exercised its discretion in delivering curative instructions advising the jury that certain evidence had originally been precluded at defendant's request. After making a pretrial ruling that the drug-trafficking relationship between defendant and the victim and their status as codefendants in a pending drug case would be precluded, the court expressly warned the defense not to use this ruling as a proverbial sword rather than a shield. However, defendant did precisely that. By revealing these facts during his direct testimony, defendant made it appear that the People were hiding them. Accordingly, the court's instructions were appropriate to undo the damage caused to the People's case (*cf., People v Fardan*, 82 NY2d 638). Furthermore, there was nothing in the curative instructions that could be viewed as disparaging defendant or defense counsel (*compare, People v Henderson*, 169 AD2d 647). Defendant's remaining arguments on this subject are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reduction of sentence. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.