■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Appellant. [731 NYS2d 620] —Judgment, Supreme Court, New York County (Renee White, J.), rendered August 6, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly modified its *Sandoval* ruling after defendant opened the door to such modification (*see, People v Fardan*, 82 NY2d 638, 646). Although the *Sandoval* ruling had precluded the People from eliciting the nature of certain convictions, during cross-examination defendant specifically requested the prosecutor to elicit the very information that had been precluded. As a result, the court permitted the prosecutor to establish that one of defendant's misdemeanor convictions

was for drug possession. Under the circumstances, continued preclusion of that information would have been misleading and would have placed the People at an unfair disadvantage (*cf.*, *People v Hill*, 284 AD2d 193). In any event, were we to find the modification to be error, we would find the error to be harmless.

We perceive no basis for reduction of sentence. Concur— Rosenberger, J. P., Williams, Mazzarelli, Rubin and Buckley, JJ.