██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
THOMAS HARRIS, Appellant. [803 NYS2d 854]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 31, 2002. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree (two counts), grand larceny in the third degree (three counts) and scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of grand larceny in the second degree (Penal Law § 155.40 [1]), three counts of grand larceny in the third degree (§ 155.35) and one count of scheme to defraud in the first degree (§ 190.65 [1]). The charges arose from defendant's theft of money from two business entities and three individuals. We agree with defendant that Supreme Court erred in denying his challenge for cause to a prospective juror. That prospective juror indicated that her assessment of defendant's guilt would be influenced by the number of complainants, thus raising an issue concerning her ability to be fair and impartial. It was therefore necessary to obtain her unequivocal assurance that her prior state of mind would not influence the verdict and that she would render an impartial verdict based solely on the evidence (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]). No such assurance was obtained, however, and the denial of defendant's challenge for cause thus constitutes reversible error inasmuch as defendant had exhausted all of his peremptory challenges before the completion of jury selection (*see People v Morton*, 271 AD2d 702, 703 [2000]; *cf. People v Schojan*, 272 AD2d 932, 933-934 [2000], *lv denied* 95 NY2d 871 [2000]). Reversal is also required based upon the court's improper curtailment of defense counsel's questioning of prospective jurors with respect to their ability to follow the court's instructions on the limited use of *Molineux* evidence (*see generally People v Boulware*, 29 NY2d 135, 142 [1971], *cert denied* 405 US

995 [1972]). Although the court has broad discretion in controlling and restricting the scope of voir dire (see id. at 140), the questions posed by defense counsel are "precisely the type of question[s] that should be permitted as indicative of the [prospective] juror[s'] fairness" and willingness to follow the court's instructions (People v Porter, 226 AD2d 275, 276 [1996]; see generally Boulware, 29 NY2d at 142). In light of our decision, we do not address defendant's remaining contentions. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.