■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARNELL MOSLEY, Appellant. (Appeal No. 1.) [872 NYS2d 825]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 22, 2004. The judgment convicted defendant, upon a nonjury verdict, of robbery in the third degree (three counts), assault in the second degree, unauthorized use of a vehicle in the first degree and petit larceny (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, three counts of robbery in the third degree (Penal Law § 160.05) and one count of assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of counts one and three of the indictment, which concern the robberies of two banks. "The applicable statutes do not require the use or display of a weapon nor actual injury or contact with a victim [for a person to be guilty of robbery] . . . All that is necessary is that there be a threatened use of force . . . , which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances" (*People v Rychel*, 284 AD2d 662, 663 [2001]; *see* Penal Law § 160.00; *People v Woods*, 41 NY2d 279, 282-283 [1977]).

Here, the People presented evidence from which defendant's threatened use of force could be implied, i.e., the testimony of the bank employees to whom defendant handed a note upon arriving at the respective banks.

Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although there was conflicting testimony with respect to the count charging assault in the second degree and thus "an acquittal [on that count] would not have been unreasonable" (*People v Danielson*, 9 NY3d 342, 348 [2007]), we conclude that, "[b]ased on the weight of the credible evidence, the court . . . was justified in finding the defendant guilty beyond a reasonable doubt" (*id.*; *see People v Romero*, 7 NY3d 633, 642-643 [2006]). " 'Great deference is to be accorded to the fact-finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]), and we perceive no basis to disturb the court's credibility determinations (*see People v Reddick*, 43 AD3d 1334, 1335-1336 [2007], *lv denied* 10 NY3d 815 [2008]).

We reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.