# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**304**
**KA 09-00286**
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRIAN CURRY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Matthew J. Murphy, III, A.J.), rendered January 14, 2009. The judgment convicted defendant, upon a nonjury verdict, of aggravated criminal contempt (three counts) and aggravated harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of three counts of aggravated criminal contempt (Penal Law § 215.52 [3]) and one count of aggravated harassment in the second degree (§ 240.30 [1] [a]), based upon evidence that he wrote a series of threatening letters to his ex-girlfriend, her mother, and his teenaged daughter. Contrary to the contention of defendant, County Court properly admitted in evidence additional letters to establish his identity as the author of the letters at issue (*see generally People v Molineux*, 168 NY 264, 293-294). Defendant had previously pleaded guilty to criminal contempt on two occasions, admitting that he sent letters threatening one of the victims in this case. The People established the similarities between the letters in those cases and the ones at issue here, including their content, writing style, paper, and envelopes, and they also established that in all cases defendant had sent multiple, nearly identical letters on the same day. Thus, the People presented clear and convincing evidence that defendant committed the prior crimes by using a distinctive and unique modus operandi, which was sufficiently similar to the manner in which the crimes herein were committed to be probative of defendant's identity as the perpetrator (*see generally People v Mateo*, 93 NY2d 327, 332; *People v Alvino*, 71 NY2d 233, 242; *People v Robinson*, 68 NY2d 541, 549-550). Consequently, the court properly concluded that " 'the mere proof that the defendant had committed [the prior] similar act[s was] highly probative of the fact that he committed the one

charged' " (*People v Allweiss*, 48 NY2d 40, 47-48, quoting *People v Condon*, 26 NY2d 139, 144).

Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although there was conflicting testimony with respect to whether the handwriting on the letters at issue matched that of defendant, and thus "an acquittal would not have been unreasonable" (*Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, the court . . . was justified in finding the defendant guilty beyond a reasonable doubt" (*id.; see People v Romero*, 7 NY3d 633, 642-643). " 'Great deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806, *lv denied* 98 NY2d 697; *see People v Mosley*, 59 AD3d 961, *lv denied* 12 NY3d 918, 13 NY3d 861), and we perceive no reason to disturb the court's credibility determinations.

Finally, the sentence is not unduly harsh or severe.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court