# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

386

KA 08-01316

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

HOWARD L. BRYANT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered May 5, 2008. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree, sexual abuse in the second degree and sexual abuse in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]). As defendant contends and the People correctly concede, reversal is required because County Court erred in denying defendant's challenge for cause to a prospective juror. "We note at the outset that defendant[, after the challenge at issue was determined,] exhausted his peremptory challenges, and thus his contention is properly before us" (*People v Payne*, 49 AD3d 1154, 1154; *see* CPL 270.20 [2]; *People v Nicholas*, 98 NY2d 749, 752).

After responding to the court's general questions appropriately, a prospective juror in the first pass stated that there was a possibility that she would presume that defendant was guilty if he chose not to testify. There was no further questioning of that prospective juror. Consequently, the statements of that prospective juror "cast serious doubt on [her] ability to render a fair verdict under the proper legal standards. The trial court therefore was required to elicit some unequivocal assurance from [that] prospective juror[] that [she was] able to reach a verdict based entirely upon the court's instructions on the law. The jury panel's earlier collective acknowledgment that they would follow the court's instructions was insufficient to constitute such an unequivocal declaration" (*People v*

*Bludson*, 97 NY2d 644, 646). We therefore reverse the judgment, and we grant a new trial on the indictment.

Defendant failed to preserve for our review his further contention that he was deprived of his constitutional right to confront witnesses against him by the court's limitation of his cross-examination of the victim. "Although . . . defendant [took exception to the court's ruling], he did not specify the [constitutional] ground now raised on appeal. Therefore, the issue of whether he was deprived of his right of confrontation is unpreserved for appellate review" (*People v Perez*, 9 AD3d 376, 377, *lv denied* 3 NY3d 710; *see People v Rivera*, 33 AD3d 450, 450-451, *lv denied* 7 NY3d 928). In any event, that contention is without merit. " '[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony' " (*People v Smith*, 12 AD3d 1106, 1106, *lv denied* 4 NY3d 767; *see People v Gross*, 71 AD3d 1526, 1527, *lv denied* 15 NY3d 774). Here, however, the court's final ruling permitted defendant to bring out significant details with respect to the victim's prior bad acts, and thus it did not constitute an improvident exercise of the court's discretion.

Defendant's remaining contentions are academic in light of our determination.

Entered: March 23, 2012                    Frances E. Cafarell
                                           Clerk of the Court