[6 NYS3d 382]

# The People of the State of New York, Respondent, v Michael Giuliani, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, July 24, 2014

APPEARANCES OF COUNSEL

*Kathleen M. Rice, District Attorney*, Mineola (*Donald Berk* and *Tammy J. Smiley* of counsel), for respondent.
*Mitchell Dranow*, Sea Cliff, for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court for a new trial.

On July 31, 2007, the People charged defendant, by a simplified traffic information, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) based on a blood alcohol test result of .14 of one per centum by weight. In the course of jury selection, defendant sought to excuse for cause a registered nurse based on her statements to the effect that, when evaluating the evidence, in particular with respect to "medical" issues, as a matter of "integrity," she could not disregard her knowledge of dehors-the-record facts she believed to be true. The prospective juror also indicated that such considerations would guide her review of the evidence even if the court instructed her that she must "separate" the criteria of fact-finding and the conclusions of law to be drawn therefrom from her own personal knowledge and training. The District Court curtailed defense counsel's attempts to explore this issue with the prospective juror and denied the application. The defense then utilized its last peremptory challenge to excuse the prospective juror, before jury selection had been completed. On appeal, defendant argues, among other things, that the denial of his application to excuse the prospective juror for cause deprived him of a fair trial. We agree and reverse.

As defendant used his last peremptory challenge to excuse the prospective juror before jury selection was completed, a wrongful denial of his request that she be excused for cause constitutes reversible error (*see* CPL 270.20 [2]; *People v Wilson*, 7 AD3d 549, 550 [2004]; *People v White*, 260 AD2d 413, 414 [1999]). A prospective juror must be excused for cause when he or she "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evi-

dence adduced at the trial" (CPL 360.25 [1] [b]; *People v Arnold*, 96 NY2d 358, 366 [2001]). A juror's failure to state persuasively that he or she would follow the court's instructions on the law, whatever his or her own views and beliefs as to its nature, implicates partiality (*Arnold*, 96 NY2d at 368; *People v Lynch*, 95 NY2d 243, 248 [2000]; *People v Boulware*, 29 NY2d 135, 141-142 [1971]; *People v Bryant*, 93 AD3d 1344, 1344 [2012]). Moreover, an improper curtailment of a defendant's opportunity to determine whether a prospective juror is "fit and competent to perform fairly and impartially" is also reversible error (*People v Shulman*, 6 NY3d 1, 27 [2005] [internal quotation marks omitted]).

The risk that a potential juror might "take the role" of an expert witness (*Arnold*, 96 NY2d at 366) and draw upon his or her "personal professional expertise" and knowledge of facts not in evidence to influence his or her own deliberations and those of the remaining jurors as well (*People v Maragh*, 94 NY2d 569, 571, 574 [2000]) must be avoided either through rehabilitation or excusing the juror for cause. We recognize that a trial court has "broad discretion" to control the scope of voir dire (*People v Pepper*, 59 NY2d 353, 358 [1983]) and that the determination of a prospective juror's fitness to serve is "committed largely to [the] judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation" (*People v Williams*, 63 NY2d 882, 885 [1984]). Nevertheless, while "most if not all jurors bring some predispositions, of varying intensity, when they enter the jury box" (*id.*; *see also Arnold*, 96 NY2d at 364), where, as here, the prospective juror's statements during voir dire "cast serious doubt on [her] ability to render a fair verdict under the proper legal standards" (*People v Bludson*, 97 NY2d 644, 646 [2001]), the trial court was obligated, at the very least, to "remind[ ], and caution[ ], her that she was required to decide the case solely on the evidence presented" (*Arnold*, 96 NY2d at 366) and to obtain her "unequivocal assurance" (*People v Johnson*, 94 NY2d 600, 614 [2000]) that her "prior state of mind would not influence her verdict" (*People v Borges*, 90 AD3d 1067, 1068 [2011]) and that she would render "an impartial verdict based solely on the evidence" (*People v Harris*, 23 AD3d 1038, 1038 [2005]) and " 'based entirely upon the court's instructions on the law' " (*Bryant*, 93 AD3d at 1344, quoting *People v Bludson*, 97 NY2d at 646). The failure to have done so is reversible error (*Arnold*, 96 NY2d at 368; *Lynch*, 95 NY2d at 248; *Boulware*, 29 NY2d at 141-142).

Not only is the record devoid of such judicial inquiry, but defense counsel was not permitted to undertake an adequate inquiry of his own. The defense is entitled to a " 'fair opportunity . . . to question [prospective jurors] about matters . . . which are relevant and material to the inquiry at hand' " (*People v Porter*, 226 AD2d 275, 276 [1996], quoting *Boulware* at 140; *see also People v Jean*, 75 NY2d 744, 745 [1989]). Where, as here, the defense was not permitted to adequately explore matters that were material to the case and to attempt to elicit sufficient assurances that the prospective juror was qualified to serve, there also is reversible error (*e.g. Harris*, 23 AD3d at 1039; *People v De Francesco*, 88 AD2d 920, 921 [1982]).

Finally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (*People v Lane*, 7 NY3d 888, 890 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimonies of the People's witnesses were plausible, internally consistent, and collectively coherent. To the extent that the defense witnesses contradicted the People's witnesses as to issues material to proof of the elements of the offense, the jury was presented with the task of evaluating the relative credibilities of all of the witnesses, and, upon this record, it cannot be said that the jury's determination was so unreasonable as to require the finding that the verdict was against the weight of the evidence.

In light of the foregoing, we need not address defendant's remaining claims of error.

Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court for a new trial.

IANNACCI, J.P., MARANO and TOLBERT, JJ., concur.