■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WILLIAMS, Appellant. [997 NYS2d 57]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered November 30, 2010, as amended March 3, 2011, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him to a term of 1²/₃ to 5 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant threatened the use of force in the course of committing larceny (Penal Law §§ 160.00, 160.05). "The obvious implication of a remark such as 'do as I say and nothing will happen' is that, should the speaker not be obeyed, something untoward would in fact happen" (*People v Zagorski*, 135 AD2d 594, 595 [2d Dept 1987]). Here, defendant made several such threatening remarks or gestures, including announcing that he was committing a robbery, warning store employees not to call the police or "make [defendant] do something," and making references to a possible firearm. Although some of defendant's behavior was unusual, he was clearly conveying a threat to use immediate force if the victims offered any resistance. The evidence fails to support inferences that defendant was actually disclaiming any intent to use a firearm or other force, or that he really meant larceny when he referred to robbery.

The court properly granted the People's request to charge third-degree robbery as a lesser included offense of second-degree robbery (Penal Law § 160.10 [2] [b]), since there was a reasonable view of the evidence that defendant forcibly stole property without displaying what appeared to be a firearm. There was a reasonable view that, while defendant may have made a verbal threat to use a firearm, his conduct failed to satisfy the "display" element, as delineated in *People v Lopez* (73 NY2d 214 [1989]).

The court properly denied defendant's motion to suppress the stolen property recovered from his bag. The police had probable cause to arrest defendant when, within minutes, an eyewitness to the robbery identified defendant as the perpetrator. Based on the totality of the information in their possession, including a radio communication, the police could have reasonably inferred that they were speaking with a victim or witness with personal knowledge of a violent crime, who was identifying defendant as the perpetrator (*see e.g. People v Ransdell*, 254 AD2d 63 [1st Dept 1998], *lv denied* 92 NY2d 1037 [1998]). The search of the bag was justified by exigent circumstances (*see People v Jimenez*, 22 NY3d 717 [2014]; *People v Smith*, 59 NY2d 454, 458-459 [1983]), including the presence of the bag in the grabbable area

of the unhandcuffed defendant, the violent nature of the crime, and specific reason to believe that the bag contained a weapon. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.