People v Snow (2020 NY Slip Op 04024)





People v Snow


2020 NY Slip Op 04024


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


257 KA 16-01584

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BERNARD L. SNOW, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (THOMAS G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 20, 2016. The judgment convicted defendant upon a jury verdict of robbery in the third degree (two counts) and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of robbery in the third degree under count one of the indictment and vacating the sentence imposed on count two of the indictment, and as modified the judgment is affirmed, a new trial is granted on count one of the indictment, and the matter is remitted to Supreme Court, Monroe County, for resentencing on count two of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the third degree (Penal Law § 160.05) and one count of petit larceny (§ 155.25). Defendant's conviction stems from three separate incidents, which occurred on three consecutive days. During each incident, defendant entered a different bank and stole cash from a bank employee after presenting the employee with a note demanding money.
Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of robbery in the third degree under count two of the indictment, which concerns the second incident. " The applicable statutes do not require the use or display of a weapon nor actual injury or contact with a victim [for a person to be guilty of robbery] . . . All that is necessary is that there be a threatened use of force . . . , which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances' " (People v Mosley, 59 AD3d 961, 961 [4th Dept 2009], lv denied 12 NY3d 918 [2009], reconsideration denied 13 NY3d 861 [2009]; see Penal Law §§ 160.00, 160.05; People v Parris, 74 AD3d 1862, 1863 [4th Dept 2010], lv denied 15 NY3d 854 [2010]). We conclude with respect to count two that "the People presented evidence from which defendant's threatened use of force could be implied" (Parris, 74 AD3d at 1863 [internal quotation marks omitted]; see Mosley, 59 AD3d at 962). Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to count two is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; Mosley, 59 AD3d at 962).
We also reject defendant's contention that the verdict is against the weight of the evidence with respect to his conviction of robbery in the third degree under count one, which concerns the first incident. Contrary to defendant's contention, the precise wording of the note that defendant presented to the bank employee in that incident is not dispositive. Indeed, Penal Law § 160.00 "does not require the use of any words whatsoever, but merely that there be a threat, whatever its nature, of the immediate use of physical force," nor does it require a defendant to "employ what by hindsight a reviewing court would categorize as threatening words [*2]of art" (People v Woods, 41 NY2d 279, 283 [1977]). Based on the totality of the circumstances, we conclude that, regardless of the precise wording of the note, the weight of the evidence presented at trial establishes that defendant's threatened use of force was implied (see Mosley, 59 AD3d at 962; see also Parris, 74 AD3d at 1863).
We agree with defendant, however, that Supreme Court erred in precluding him from calling a witness in order to assist in his defense with respect to count one. "It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (People v Pavao, 59 NY2d 282, 288-289 [1983]). That rule, however, "has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" (People v Knight, 80 NY2d 845, 847 [1992]; see generally People v Bradley, 99 AD3d 934, 937 [2d Dept 2012]). "Where the truth of the matter asserted in the proffered inconsistent statement is relevant to a core factual issue of a case, its relevancy is not restricted to the issue of credibility and its probative value is not dependent on the inconsistent statement. Under such circumstances, the right to present a defense may encompass[ ] the right to place before the [trier of fact] secondary forms of evidence, such as hearsay' " (Bradley, 99 AD3d at 937; see generally People v Ainsley, 132 AD3d 1007, 1008 [2d Dept 2015], lv denied 26 NY3d 1142 [2016]). Here, defendant sought to call a witness whose testimony related to the content of the note defendant presented to the bank employee in the first incident. Defendant specifically sought to establish that the note he presented contained language that, according to defendant, did not threaten the immediate use of force, contrary to the testimony of the bank employee who received it. Although a threat of immediate use of force may be implicit and does not require the use of any specific words (see Woods, 41 NY2d at 283; Parris, 74 AD3d at 1863), the use of threatening language is nevertheless a factor for the jury to consider when determining whether the defendant presented such a threat (see People v Williams, 122 AD3d 502, 503 [1st Dept 2014], lv denied 25 NY3d 954 [2015]; see generally Mosley, 59 AD3d at 962; People v Zagorski, 135 AD2d 594, 595 [2d Dept 1987]). Inasmuch as the content of the note was relevant to whether defendant, either explicitly or implicitly, threatened the use of force, we conclude that the proposed testimony pertained to a noncollateral issue and that the court should have allowed the proposed witness to testify (see Bradley, 99 AD3d at 937-938). We further conclude that, under the circumstances of this case, the evidence of defendant's guilt with respect to count one was not overwhelming, and thus the error cannot be deemed harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We therefore modify the judgment by reversing that part convicting defendant of robbery in the third degree under count one of the indictment, and we grant defendant a new trial on that count. Because the court imposed an enhanced sentence on count two of the indictment in consideration of, inter alia, the conviction on count one, we further modify the judgment by vacating the sentence imposed on count two of the indictment, and we remit the matter to Supreme Court for resentencing on that count. In light of our determination, we do not address defendant's remaining contentions concerning his sentence.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court