People v Majid (2021 NY Slip Op 51025(U))

[*1]

People v Majid (Usman)

2021 NY Slip Op 51025(U) [73 Misc 3d 134(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-20 N CR

The People of the State of New York,
Respondent,
against
Usman Majid, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Nassau County District Attorney (Cristin N. Connell and Mary Faldich of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene
Harris, J.), rendered October 22, 2019. The judgment convicted defendant, upon a jury verdict, of
driving while intoxicated (per se), driving while intoxicated (common law), possession of an
alcoholic beverage in a New York State Park, and parking a vehicle in a prohibited zone, and
imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the District Court for a new trial.
Following a jury trial, defendant was convicted of driving while intoxicated (per se) (Vehicle
and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic
Law § 1192 [3]), possession of an alcoholic beverage in a New York State Park (9 NYCRR
§ 385.1 [a]), and parking a vehicle in a prohibited zone (Vehicle and Traffic Law §
1200 [c]). On appeal, defendant contends that the District Court erred in denying his counsel's
challenges to two prospective jurors for cause. 
A prospective juror must be excused for cause when he or she "has a state of mind that is
likely to preclude him [or her] from rendering an impartial verdict based upon the evidence
adduced at the trial" (CPL 360.25 [1] [b]; see People v Arnold, 96 NY2d 358 [2001]).
Here, the record demonstrates that a prospective juror, who had previously been involved with
MADD [*2](Mothers Against Drunk Driving), had an actual bias
in this case, as defendant was charged with driving while intoxicated (per se and common law)
and possession of an alcoholic beverage in a New York State Park, and was unable to provide the
court with an unequivocal assurance that she could be fair and impartial by setting aside her bias
and render an impartial verdict based on the evidence (see People v Zelaya, 65 Misc 3d 151[A], 2019 NY Slip Op
51873[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Giuliani, 47
Misc 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Fuller, 2001
NY Slip Op 40273[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2001]). As defendant used
his last peremptory challenge to excuse this prospective juror before jury selection was
completed, a wrongful denial of defendant's request that the prospective juror be excused for
cause constitutes reversible error (see CPL 270.20 [2]; 360.25 [2]; Zelaya, 65
Misc 3d 151[A], 2019 NY Slip Op 51873[U]; Giuliani, 47 Misc 3d at 32).
In view of the foregoing, this court need not review the denial of defendant's challenge for
cause pertaining to another prospective juror.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District
Court for a new trial.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021