People v Iovino (2022 NY Slip Op 50065(U))

[*1]

People v Iovino (Joseph)

2022 NY Slip Op 50065(U) [74 Misc 3d 128(A)]

Decided on January 27, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 27, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-1815 S CR

The People of the State of New York,
Respondent,
against
Joseph C. Iovino, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Marcia R. Kucera, Glenn Green and Sharyn Gitter of counsel),
for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John James
Andrews, J.), rendered November 8, 2019. The judgment convicted defendant, after a nonjury
trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [1]).
At a nonjury trial, the People presented evidence that, at the complainant's residence where
defendant was residing, defendant lunged at the complainant and spat in her face, causing the
complainant to feel "frightened," "disgusted" and "very violated." Following the trial, defendant
was convicted as charged.
We find no error in the District Court's Molineux (People v Molineux, 168
NY 264 [1901]) ruling. Evidence of a defendant's uncharged crimes or prior bad acts may not be
admitted into evidence solely to demonstrate the defendant's propensity to commit the crimes
charged (see id. at 292-293), but may be admitted to establish one of the recognized
Molineux [*2]exceptions—motive, intent, absence
of mistake, common plan or scheme and identity—or where such proof is needed as
background material or to complete a witness's narrative, provided that the probative value of
such evidence outweighs any undue prejudice to defendant (see People v Morris, 21 NY3d 588, 594-595 [2013]; People v Smith, 157 AD3d 978,
979-980 [2018]; People v Holden,
82 AD3d 1007, 1007-1008 [2011]). The balancing of probative value against potential
prejudice is a matter of discretion entrusted to the trial court (see Morris, 21 NY3d at
595; People v Gamble, 18 NY3d
386, 398 [2012]). 
Here, the challenged testimony regarding defendant's alleged breach of certain "stipulations"
that were entered into between defendant and the complainant concerning defendant's residency
at the complainant's house was not part of the People's Molineux application, and such
testimony did not constitute Molineux evidence "as it did not concern any alleged illegal
or immoral acts, or otherwise demonstrate bad character or criminal propensity" (People v Watson, 174 AD3d 1138,
1141 [2019]; see generally People v
Frumusa, 29 NY3d 364, 369-370 [2017]; People v Binning, 108 AD3d 639, 639 [2013]). In any event,
contrary to defendant's contention, the testimony, specifically as to how defendant breached the
stipulations, was stricken from the record by the District Court. The only testimony admitted was
the general testimony that defendant had breached the stipulations, and the District Court did not
abuse its discretion by admitting this testimony as necessary background evidence and to
complete the narrative of events leading up to the charged offense (see People v Johnson, 137 AD3d
811, 813 [2016]; People v
Crevelle, 125 AD3d 995, 999 [2015]). 
To the extent that defendant challenges certain brief and fleeting testimony elicited by the
prosecutor that defendant had previously called the police on the complainant and her family,
defendant's contention is unpreserved for appellate review because defense counsel failed to
object to the admission of such testimony (see CPL 470.05 [2]; People v Sams, 140 AD3d 1195,
1196 [2016]). Furthermore, that testimony was not Molineux evidence since it did not
concern uncharged crimes or other bad acts of defendant (see People v Brewer, 28 NY3d 271, 276 [2016]; People v Chunn, 181 AD3d 706,
707 [2020]), and was, in any event, properly admitted to provide necessary background
information regarding the nature of defendant's relationship with the complainant (see
Gamble, 18 NY3d at 398). The challenged testimony regarding certain prior bad acts of
defendant toward the complainant was likewise properly admitted to provide necessary
background information regarding the nature of defendant's relationship with the complainant, to
place the charged conduct in context, and to establish defendant's motive and intent to commit
the charged crime (see People v
Dorm, 12 NY3d 16, 19 [2009]; People v Whitson, 166 AD3d 663, 664 [2018]; People v Coleman, 62 Misc 3d
127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe
their demeanor (see People v Lane,
7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]). The testimonies of the People's [*3]witnesses were "plausible, internally consistent, and collectively
coherent" (People v Giuliani, 47 Misc 3d 31, 34 [App Term, 2d Dept, 9th & 10th
Jud Dists 2014]; see People v
Stewart, 45 Misc 3d 127[A], 2014 NY Slip Op 51454[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2014]). To the extent that defendant's testimony contradicted the
testimonies of the People's witnesses as to issues material to proof of the elements of the offense,
the trial court was presented with the task of evaluating the relative credibilities of all of the
witnesses, and, upon this record, it cannot be said that the court's determination was so
unreasonable as to require the finding that the verdict was against the weight of the evidence
(see Giuliani, 47 Misc 3d at 34).
Lastly, we decline defendant's invitation that we vacate the conviction in the interest of
justice (see CPL 470.15 [3] [c]), as, contrary to defendant's contention, the record does
not compel an inference that there is a grave risk that an innocent person has been convicted (see People v White, 75 AD3d 109,
125 [2010]; People v Kramer, 50
Misc 3d 27, 32-33 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 27, 2022