People v Jones (2023 NY Slip Op 01399)

People v Jones

2023 NY Slip Op 01399

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

140 KA 19-02143

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN C. JONES, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 18, 2019. The judgment convicted defendant upon a jury verdict of robbery in the third degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05) and resisting arrest (§ 205.30), defendant contends that the verdict is against the weight of the evidence with respect to robbery in the third degree because the People failed to prove beyond a reasonable doubt that he threatened the victim, a restaurant owner, with the immediate use of physical force to compel her to give him money. We reject that contention. The evidence at trial established that defendant entered the restaurant as it was opening for business in the morning and asked the victim for change for a $20 bill. When the victim refused his request, defendant put his hand in his pocket and, according to the victim, "made it look like a gun." Defendant demanded that the victim open the cash register and give him money. Fearing that defendant was armed, the victim opened the register. As defendant reached for the money, the victim's husband emerged from the kitchen with a knife, and a struggle between the two men ensued in which defendant threw the register at the victim's husband. Defendant then grabbed some money that had spilled out of the register and ran out of the restaurant. The police tracked footprints in the snow to defendant's nearby residence, where he was eventually taken into custody after a standoff.
"The applicable statutes do not require the use or display of a weapon nor actual injury or contact with a victim [for a person to be guilty of robbery] . . . All that is necessary is that there be a threatened use of force . . . , which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances" (People v Snow, 185 AD3d 1400, 1401 [4th Dept 2020] [internal quotation marks omitted], lv denied 35 NY3d 1115 [2020]; see Penal Law §§ 160.00, 160.05; People v Mosley, 59 AD3d 961, 961 [4th Dept 2009], lv denied 12 NY3d 918 [2009], reconsideration denied 13 NY3d 861 [2009]). Further, the statutes do "not require the use of any words whatsoever, but merely that there be a threat, whatever its nature, of the immediate use of physical force" (People v Woods, 41 NY2d 279, 283 [1977]).
Here, the victim's testimony that defendant made his hand look like a gun inside his pocket was uncontradicted at trial and is consistent with her conduct during the encounter. Although the victim initially refused to make change for defendant, she immediately opened the cash register after he put his hand in his pocket, whereupon defendant reached for the money. Based on our independent review of the evidence, and viewing the evidence in light of the elements of the crime of robbery in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2009]), we conclude that the People proved beyond a reasonable doubt that defendant implicitly threatened the victim with the immediate use of physical force for [*2]the purpose of compelling her to give him money, and that the verdict is not against the weight of the evidence with respect to robbery in the third degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, based on our review of the body camera video footage from the arresting police officers, and viewing the evidence in light of the elements of the crime of resisting arrest as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict on that count is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court