People v Nasir (2025 NY Slip Op 00572)

People v Nasir

2025 NY Slip Op 00572

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

872 KA 22-01645

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOHAMED NASIR, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 31, 2022. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of predatory sexual assault against a child (Penal Law former § 130.96).
We agree with defendant that Supreme Court erred in precluding him from calling a witness to testify as to a prosecution witness's prior inconsistent statement for the purpose of impeaching the prosecution witness. "As a general rule, the credibility of any witness can be attacked by showing an inconsistency between [the witness's] testimony at trial and what [the witness] has said on previous occasions" (People v Duncan, 46 NY2d 74, 80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979]). If the witness denies, or does not recall making the statement in question, the party seeking to impeach the witness may prove the statement with extrinsic evidence, i.e., by another witness's testimony (see People v Maxam, 135 AD3d 1160, 1161 [3d Dept 2016], lv denied 27 NY3d 1135 [2016]). Although a party "cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness'[s] answers concerning collateral matters solely for the purposes of impeaching that witness'[s] credibility" (People v Pavao, 59 NY2d 282, 288-289 [1983]; see People v Bailey, 179 AD3d 1518, 1519 [4th Dept 2020]), that rule "has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" (People v Knight, 80 NY2d 845, 847 [1992]; see People v Snow, 185 AD3d 1400, 1402 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]).
Here, defendant sought to call a witness whose testimony would have directly contradicted the prosecution witness's testimony that the victim did not recant his allegation of anal sexual contact during the medical examination, an issue directly relevant to the jury's determination regarding the count of predatory sexual assault against a child based upon defendant's alleged anal contact with the victim. Thus, we conclude that the proposed testimony pertained to a noncollateral issue and that the court erred in not allowing the proffered witness to testify (see Snow, 185 AD3d at 1402-1403). Nonetheless, we conclude that "any error in [excluding] that testimony was harmless inasmuch as the evidence [that defendant had oral sexual contact with the victim, including a videotaped admission from defendant,] was overwhelming and there is no significant probability that the jury would have acquitted defendant [of that count] if [the proposed impeachment] testimony had been [introduced]" (People v Drager, 229 AD3d 1143, 1146 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see People v Robinson, 111 AD3d 1358, 1358-1359 [4th Dept 2013], lv denied 22 NY3d 1141 [2014]; People v Mickewitz, 210 AD2d 1004, 1004 [4th Dept 1994], lv denied 85 NY2d 977 [1995]; see also [*2]People v Ortiz, 41 AD3d 114, 115 [1st Dept 2007], lv denied 9 NY3d 879 [2007]).
Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Based on our independent review of the evidence, we conclude that a different verdict would have been unreasonable (see People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]; People v Peters, 90 AD3d 1507, 1508 [4th Dept 2011], lv denied 18 NY3d 996 [2012]; see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that his sentence is unduly harsh and severe. We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court