People v Laws (2025 NY Slip Op 05334)

People v Laws

2025 NY Slip Op 05334

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

602 KA 23-00277

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. LAWS, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered December 20, 2022. The judgment convicted defendant upon a jury verdict of robbery in the third degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05) and grand larceny in the fourth degree (§ 155.30 [1]). Defendant's conviction arises out of an incident in which he entered a bank and stole cash from a bank employee after, inter alia, announcing that he was robbing the bank and demanding that the employees turn over large denomination bills. We affirm.
Initially, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's conviction of robbery in the third degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Specifically, we reject defendant's contention that the People did not establish that he forcibly stole the money from the bank. To the extent that defendant challenges the legal sufficiency of the evidence in that regard, we note that " 'we necessarily review the evidence adduced as to each of the elements of the [relevant] crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
As relevant here, "[t]he applicable statutes do not require the use or display of a weapon nor actual injury or contact with a victim [for a person to be guilty of robbery] . . . All that is necessary is that there be a threatened use of force . . . , which may be implicit from the defendant's conduct or gleaned from a view of the totality of the circumstances" (People v Snow, 185 AD3d 1400, 1401 [4th Dept 2020], lv denied 35 NY3d 1115 [2020] [internal quotation marks omitted]; see Penal Law §§ 160.00, 160.05; People v Parris, 74 AD3d 1862, 1863 [4th Dept 2010], lv denied 15 NY3d 854 [2010]). Here, we conclude that "the People presented evidence from which defendant's threatened use of force could be implied" (Parris, 74 AD3d at 1863 [internal quotation marks omitted]; see People v Mosley, 59 AD3d 961, 962 [4th Dept 2009], lv denied 12 NY3d 918 [2009], reconsideration denied 13 NY3d 861 [2009]). The evidence at trial established that defendant entered the bank wearing a mask, told people inside the bank not to look at him, repeatedly banged on the counters, demanded that bank employees turn over large denomination bills, and announced that he was robbing the bank. The weight of the evidence thus establishes that defendant's threatened use of force was implied (see Snow, 185 AD3d at 1402; Parris, 74 AD3d at 1863; Mosley, 59 AD3d at 962).
We also reject defendant's contention that County Court erred when, following [*2]defendant's cross-examination of a witness, it instructed the jury that the People asked law enforcement to conduct a particular fingerprint comparison only at the request of defendant. During his opening statement, defendant conceded to the jury that he made the initial request to the People for the fingerprint comparison, i.e., that the People asked law enforcement to make the comparison only at defendant's behest. While cross-examining the above-mentioned witness, however, defendant sought to elicit testimony that the People initiated the request for a fingerprint comparison to suggest that they thought someone other than defendant may have committed the bank robbery. In short, defendant sought to mislead the jury and undermine the evidence of his identity as the perpetrator. Under those unique circumstances, the court did not err in instructing the jury that defendant was the person who requested the fingerprint comparison because it was "appropriate to undo the damage caused to the People's case" by defendant's insinuation (People v Hill, 284 AD2d 193, 194 [1st Dept 2001], lv denied 96 NY2d 919 [2001]). Moreover, inasmuch as defendant effectively agreed to tell the jury that he was the one who asked for the fingerprint comparison and then indeed stated that fact in his opening statement, he may not now complain that he was deprived of a fair trial because the court effectively held him to that concession (see People v Brockington, 126 AD2d 655, 656 [2d Dept 1987]). We also reject defendant's contention that the court committed a mode of proceedings error in issuing the requested instruction (see generally People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US 964 [2012]; People v Agramonte, 87 NY2d 765, 770 [1996]).
Defendant's contention that the court erred when it failed to conduct an inquiry into whether some of the jurors observed him restrained in the back of a police vehicle after the first day of trial is unpreserved for our review inasmuch as he did not ask the court to conduct an inquiry into that alleged incident (see People v Goossens, 92 AD3d 1281, 1282 [4th Dept 2012], lv denied 19 NY3d 960 [2012]; People v Harris, 303 AD2d 1026, 1026 [4th Dept 2003], lv denied 100 NY2d 594 [2003]; see also People v Abron, 37 AD3d 1163, 1163 [4th Dept 2007], lv denied 8 NY3d 980 [2007]). In any event, and assuming arguendo that members of the jury actually viewed defendant in restraints in the back of a police car, we conclude that a brief and inadvertent viewing of defendant in that manner, by itself, is insufficient to establish that he was deprived of a fair trial (see People v Harper, 47 NY2d 857, 858 [1979]; People v Fioravantes, 229 AD2d 784, 785-786 [3d Dept 1996], lv denied 89 NY2d 920 [1996]).
We also reject defendant's contention that the court erred in permitting the prosecutor to ask certain questions during voir dire. CPL 270.15 (1) (c) provides, in relevant part, that "[e]ach party shall be afforded a fair opportunity to question the prospective jurors as to any unexplored matter affecting their qualifications, but the court shall not permit questioning that is repetitious or irrelevant, or questions as to a juror's knowledge of rules of law." "A trial court has broad discretion to restrict the scope of voir dire," provided that the attorney has "a fair opportunity to question prospective jurors about relevant matters" (People v Jean, 75 NY2d 744, 745 [1989]). Here, the prosecutor asked prospective jurors, among other things, whether they could put aside their own colloquial definition of everyday terms such as "robbery" or "force" and follow the court's instructions with regard thereto. The court did not abuse its discretion in allowing that line of questioning inasmuch as the prosecutor did not ask the jurors about their "personal feelings for or against" the definitions of those terms (People v Boulware, 29 NY2d 135, 141 [1971], rearg denied 29 NY2d 670, 749 [1971], cert denied 405 US 995 [1972] [internal quotation marks omitted]). Rather, the prosecutor appropriately attempted to ensure that the members of the jury would be able to follow the instructions and definitions provided by the court (see id. at 142; People v Harris, 23 AD3d 1038, 1039 [4th Dept 2005]; see also People v Porter, 226 AD2d 275, 276 [1st Dept 1996]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court